J-A24015-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | : | |
| v. | : | |
| FREDDIE KING, | : | |
| Appellant | : | No. 2080 EDA 2014 |

Appeal from the Judgment of Sentence June 26, 2014,
in the Court of Common Pleas of Philadelphia County,
Criminal Division at No(s): CP-51-CR-0000712-2014

BEFORE:  PANELLA, WECHT, and STRASSBURGER,* JJ.

CONCURRING MEMORANDUM BY STRASSBURGER, J.:**FILED NOVEMBER 23, 2015**

I agree that King's judgment of sentence should be affirmed, albeit on a somewhat different basis than that offered by the Majority.  I disagree with the Majority's determination that King's admission that he possessed a gun was the linchpin that provided Officer Chadderton with the requisite suspicion to conduct a **Terry** frisk. Because the stop was supported by reasonable suspicion, and because the totality of the circumstances reasonably led Officer Chadderton to believe that a pat-down was warranted to ensure officer safety, I find the Majority's determination of when the frisk occurred, *i.e.* after King's admission rather than when King was ordered to

---

* Retired Senior Judge assigned to the Superior Court.

place his hands on the fence, to be immaterial.[1]   Accordingly, I respectfully concur.

It is well-settled that

a police officer may conduct a brief investigatory stop of an individual if the officer observes unusual conduct which leads him to reasonably conclude, in light of his experience, that criminal activity may be afoot. An investigatory stop subjects a person to a stop and a period of detention, but does not involve such coercive conditions as to constitute the functional equivalent of an arrest. Such an investigatory stop is justified only if the detaining officer can point to specific and articulable facts which, in conjunction with rational inference derived from those facts, give rise to a reasonable suspicion of criminal activity and therefore warrant the intrusion.

If, during the course of a valid investigatory stop, an officer observes unusual and suspicious conduct on the part of the individual which leads him to reasonably believe that the suspect may be armed and dangerous, the officer may conduct a pat-down of the suspect's outer garments for weapons. In order to justify a frisk … the officer must be able to point to particular facts from which he reasonably inferred that the individual was armed and dangerous. Such a frisk, permitted without a warrant and on the basis of reasonable suspicion less than probable cause, must always be strictly limited to that which is necessary for the discovery of weapons which might be used to harm the officer or others nearby.

*Commonwealth v. E.M.*, 735 A.2d 654, 659 (Pa. 1999) (citations and quotations omitted).

Here, officers approached King at his home **after** observing potentially criminal activity.   Unlike situations involving uncorroborated tips from third parties or mere encounters with citizens while on patrol, the officers in this

---

[1] So too did the suppression judge who did not rely on King's admission to find that the frisk was valid.

case had reason to believe criminal activity was afoot, which elevated their subsequent interaction with King to an investigative detention.[2]  During that detention, King began acting suspiciously, especially in approaching the officers with his body at a forty-five degree angle as if to hide something. Trial Court Opinion, 11/10/2014, at 3. The officers also observed blood on

_____

[2] Section 5511 provides as follows.

> 1) A person commits an offense if he wantonly or cruelly illtreats, overloads, beats, otherwise abuses any animal, or neglects any animal as to which he has a duty of care, whether belonging to himself or otherwise, or abandons any animal, or deprives any animal of necessary sustenance, drink, shelter or veterinary care, or access to clean and sanitary shelter which will protect the animal against inclement weather and preserve the animal's body heat and keep it dry.
>
> (2) (i) Except as provided in subparagraph (ii), a person convicted of violating paragraph (1) commits a summary offense.
>> (ii) A person convicted for a second or subsequent time of violating paragraph (1) commits a misdemeanor of the third degree if all of the following occurred:
>>
>> (A) The action or omission for which the person was convicted for a subsequent time was performed on a dog or cat.
>>
>> (B) The dog or cat was seriously injured, suffered severe physical distress or was placed at imminent risk of serious physical harm as the result of the person's action or omission.

18 Pa.C.S. § 5511(c).  Although typically a summary offense, as subsection (c)(2)(ii) explains, repeat commission rises to the level of a misdemeanor. That the officers initially intended to cite King is a red herring, as the facts establish that they witnessed the abuse and were, therefore, justified in investigating further to determine how the offense could be charged.

his lip and detected an odor of alcohol on his person. These circumstances, taken together with the location of the detention in a known high-crime area, were sufficient to permit a pat-down for weapons long before King's admission that he possessed a gun.